HALL GRIFFIN LLP
GEORGE L. HAMPTON IV, State Bar No. 144433
  *ghampton@hallgriffin.com*
LAURA J. PETRIE, State Bar No. 182243
  *lpetrie@hallgriffin.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for INSTANT BRANDS, INC.
dba DOUBLE INSIGHT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| INSTANT BRANDS, INC. dba DOUBLE INSIGHT, a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DSV SOLUTIONS, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **NEGLIGENCE**<br>3. **INTENTIONAL INTERFERENCE WITH CONTRACTS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Instant Brands, Inc. dba Double Insight, a Canadian corporation ("Plaintiff") brings this action and alleges as follows:

**PARTIES**

1.  Plaintiff is a Canadian corporation doing business in Ottawa, Ontario, Canada.

2.  Defendant DSV Solutions, Inc. is a Delaware corporation, registered as a foreign corporation in the State a California and doing business in Fontana, County of San Bernardino, California.

# SUBJECT MATTER JURISDICTION AND VENUE

## Jurisdiction

3. This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §1332(a) (diversity). The amount in controversy exceeds ($75,000), exclusive of interest and costs.

## Venue

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a), 1391(b), and 1391(c). A substantial part of the events and omissions giving rise to the claims occurred in this judicial district. In addition, the entity defendants have conducted substantial business in Fontana, California, in this judicial district, thereby making those defendants subject to personal jurisdiction in this judicial district, as a result of which those defendants are deemed to reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

5. On or about August 10, 2018, Plaintiff and Defendants entered into a Framework Agreement for Logistics Services ("Agreement"). The Agreement provided for Defendants to provide services for Plaintiff's inventory in the United States, including customs services, logistics services, transport services, warehousing, consultancy and other ancillary services (the "Services").

6. The Agreement was amended on or about December 1, 2018 to modify the rates charged by Defendants and extend the term of the Agreement.

## FIRST CAUSE OF ACTION

### Breach of Contract against All Defendants

7. Plaintiffs incorporate Paragraphs 1 though 6 herein inclusive as if set forth herein in full.

8. Beginning on or about June 2019, Defendants failed to comply with their obligations of performance of Services under the Agreement. The Agreement required Defendants to provide suitable equipment to perform the Services specified in the Agreement as requested by Plaintiff, and to perform the Services in

accordance with applicable legislation and industry standards.

9. Defendants has failed to meet these standards and fulfill its obligations to Plaintiff and therefore, materially breached the Agreement. Specifically, Defendants:

a. Failed to proactively and professionally manage the business of Plaintiff, including providing guidance on addressing the shortfalls in the performance of Services. Plaintiff was required to send its own personnel to the Fontana warehouse to address these issues in person because of Defendants' failure to do so;

b. Failed to properly utilize available warehouse capacity as Defendants inefficiently positioned inventory in the Fontana warehouse, resulting in additional, inappropriate storage and handling costs resulting in damages to Plaintiff related to the 2019 shipping season and its inability to fulfill orders.

c. Failure and/or lack of warehouse controls resulting in shipping errors consisting of failure of to-be-shipped inventory to be ready for pickup; errors in bills-of-lading resulting in short shipments, shipment of incorrect products and shipments to wrong customer; inability to locate inventory in the Fontana, California warehouse, resulting in incomplete orders being picked up by drivers; lengthy delays in the pickup of shipments; failure to properly transmit reports in a timely manner, including those reports Plaintiff's customers expect to receive from Plaintiff promptly following the release of their shipments from Defendants' warehouse.

d. Failed to timely unload containers of products.

e. Failed to process customer orders promptly as there was an excessively high number of customer orders that Defendants failed to ship on a timely basis.

3
COMPLAINT
P:\DOCS\Corelle Brands.DSV Solutions\Complaint.docx

        f.    Failed to devote sufficient manpower to service Plaintiff's business resulting in an inability to sufficiently perform the Services under the Agreement;

        g.    Failed to timely provide Plaintiff with required reports and documentation.

10.    Plaintiff provided notices of these breaches to Defendants on December 31, 2019.  To date, Defendants have failed to cure these breaches.

11.    Additionally, on or about January 16, 2020, Defendants gave notice to Plaintiff via electronic mail from Carlo Lepore, that Defendants were suspending all transfer services and gave notice that non-transfer and inbound services would be suspended in 48 hours.

12.    As of January 17, 2020, Defendants ceased performance of the requirements of the Agreement and terminated all Services due to Plaintiff.

13.    Plaintiff has performed all obligations required to be performed under the terms of the Agreement, except to the extent that performance was prevented and/or excused.

14.    As a result of Defendants' material breaches of the Agreement, Plaintiff has sustained damages in the amount of at least $12 million and to be determined at the time of trial.

15.    Plaintiff is also entitled to recover its reasonable attorney fees and costs pursuant to contract or law.

## SECOND CAUSE OF ACTION
### Negligence Against all Defendants

16.    Plaintiffs incorporate Paragraphs 1 though 6 herein inclusive as if set forth herein in full.

17.    Defendants had a duty to perform the Services in a workmanlike and professional manner, according to customs and standards in the customs, logistics, warehousing, transportation and shipping industries.

18. Defendants conduct included, but was not limited to:

a. Failure to proactively and professionally manage the business of Plaintiff, including providing guidance on addressing the shortfalls in the performance of Services. Plaintiff was required to send its own personnel to the Fontana warehouse to address these issues in person because of Defendants' failure to do so;

b. Failure to properly utilize available warehouse capacity as Defendants inefficiently positioned inventory in the Fontana warehouse, resulting in additional, inappropriate storage and handling costs resulting in damages to Plaintiff related to the 2019 shipping season and its inability to fulfill orders.

c. Failure and/or lack of warehouse controls resulting in shipping errors consisting of failure of to-be-shipped inventory to be ready for pickup; errors in bills-of-lading resulting in short shipments, shipment of incorrect products and shipments to wrong customer; inability to locate inventory in the Fontana, California warehouse, resulting in incomplete orders being picked up by drivers; lengthy delays in the pickup of shipments; failure to properly transmit reports in a timely manner, including those reports Plaintiff's customers expect to receive from Plaintiff promptly following the release of their shipments from Defendants' warehouse.

d. Failure to timely unload containers.

e. Failure to process customer orders promptly as there was an excessively high number of customer orders that Defendants failed to ship on a timely basis.

f. Failure to devote sufficient and appropriate supervision and management resources to service Plaintiff's business resulting in an inability to sufficiently perform the Services under the Agreement;

g. Failure to timely provide Plaintiff with required reports and documentation.

19. The failure to provide the Services in a workmanlike and professional manner according to customs and standards in the customs, logistics, warehousing, transportation and shipping industries breached Defendants duty to Plaintiff.

20. Plaintiff has suffered damages, including but not limited to, transportation penalties, penalties from customers of Plaintiff for shipping/delivery shortages and late deliveries, additional costs of labor and goods, and loss of profits.

21. As a result of Defendants' negligence, Plaintiff has sustained damages in the amount of at least $12 million and to be determined at the time of trial.

22. Plaintiff is also entitled to recover its reasonable attorney fees and costs pursuant to law.

## THIRD CAUSE OF ACTION

**Intentional Interference with Contract Against all Defendants**

23. Plaintiffs incorporate Paragraphs 1 though 6 herein inclusive as if set forth herein in full.

24. Plaintiff had contracts with numerous retailers including but not limited to Target, Amazon, Wal-Mart, Macy's and others ("Retailers") to supply goods for resale.

25. Defendants were aware of these contracts

26. Defendants conduct prevented Plaintiff's performance of its contracts with these Retailers and/or made performance more expensive or difficult.

27. Defendants conduct, included but is not limited to:

    a. Failure to proactively and professionally manage the business of Plaintiff, including providing guidance on addressing the shortfalls in the performance of Services. Plaintiff was required to send its own personnel to the Fontana warehouse to address these issues in person because of Defendants' failure to do so.

    b. Failure to properly utilize available warehouse capacity as Defendants inefficiently positioned inventory in the Fontana warehouse, resulting in

P:\DOCS\Corelle Brands.DSV Solutions\Complaint.docx

additional, inappropriate storage and handling costs resulting in damages to Plaintiff related to the 2019 shipping season and its inability to fulfill orders.

      c.     Failure and/or lack of warehouse controls resulting in shipping errors consisting of failure of to-be-shipped inventory to be ready for pickup; errors in bills-of-lading resulting in short shipments, shipment of incorrect products and shipments to wrong customer; inability to locate inventory in the Fontana, California warehouse, resulting in incomplete orders being picked up by drivers; lengthy delays in the pickup of shipments; failure to properly transmit reports in a timely manner, including those reports Plaintiff's customers expect to receive from Plaintiff promptly following the release of their shipments from Defendants' warehouse.

      d.     Failure to timely unload containers.

      e.     Failure to process customer orders promptly as there was an excessively high number of customer orders that Defendants failed to ship on a timely basis.

      f.     Failure to devote sufficient and appropriate supervision and management resources to service Plaintiff's business resulting in an inability to sufficiently perform the Services under the Agreement.

      g.     Failure to timely provide Plaintiff with required reports and documentation.

28.     Defendants' conduct caused Plaintiff's damages.

29.     As a result of Defendants' intentional interference with contract, Plaintiff has sustained damages in the amount of at least $12 million and to be determined at the time of trial.

30.     Plaintiff is also entitled to recover its reasonable attorney fees and costs pursuant to law.

31.     For the malicious, oppressive, arbitrary and marked departure from ordinary standards of decent behavior, Plaintiff seeks an award of punitive damages

at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general and special damages in an amount to be proven at the time of trial;

2. For punitive damages for intentional and willful conduct;

3. For interest on the damages according to proof at the legal rate;

4. For attorney fees pursuant to contract or law;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and appropriate.

DATED: February 28, 2020        HALL GRIFFIN LLP

By: _____
George L. Hampton IV
INSTANT BRANDS, INC. dba DOUBLE INSIGHT

## JURY DEMAND

Plaintiff demands trial by jury on all issues.

DATED: February 28, 2020        HALL GRIFFIN LLP

By: _____
George L. Hampton IV
INSTANT BRANDS, INC. dba DOUBLE INSIGHT